X wcd

● ORIGINAL ●

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT. WORTH DIVISION
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

2010 JAN 26 PM 3: 57

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | No. 4:09-CR-172-A |
| | § | |
| NGOZI NNAJI (1) | § | |
| EMMANUEL NNAJI (2) | § | |

## **CONSOLIDATED REQUESTED JURY INSTRUCTIONS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JOHN MCBRYDE:

The Assistant Attorney General, Civil Rights Division, United States Department of

Justice, and counsel for defendants Ngozi Nnaji and Emmanuel Nnaji, pursuant to the Court's

order, discussed and agreed on the Court's charge to the jury.

The parties now submit the following attached Agreed Charge of the Court in compliance

with the Court's Order.

Respectfully submitted,

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

SUSAN L. FRENCH
Trial Attorney, Criminal Section
United States Department of Justice
Civil Rights Division
Human Trafficking Prosecution Unit
Virginia State Bar No. 14141
MICHAEL J. FRANK
Illinois State Bar No. 6244490
601 D Street, N.W., Room 5132
Washington, DC 20530
Telephone: 202-514-3204

**Proposed Charge - Page 1**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing instrument has been served upon counsel for the defendants this 26th day of January, 2010.

SUSAN L. FRENCH
Trial Attorney

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | No. 4:09-CR-172-A |
| | § | |
| NGOZI NNAJI (1) | § | |
| EMMANUEL NNAJI (2) | § | |

## CHARGE OF THE COURT

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.[1]

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or

---

[1] **Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 1.03.

**Charge of the Court - Page 1**

follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.[2]

The indictment or formal charge against the defendants is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatsoever may be drawn from the election of a defendant not to testify. The government has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit such defendant.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning such defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.[3]

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and

---

[2]**Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 1.04.

[3]**Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 1.05 (modified).

**Charge of the Court - Page 2**

the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that control in the case. What the lawyers say is not binding upon you.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.[4]

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make; and, you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.[5]

---

[4]**Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 1.06 (modified).

[5]**Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 1.07 (modified).

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.[6]

---

[6]**Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 1.08 (modified).

During the trial, you heard the testimony of Laura Said regarding U.S. visas and the State Department's system of tracking visas and visa applications. You also heard testimony of Anthony Hughie regarding the Department of Homeland Security's TECS system for tracking entry into the United States. In addition, you heard from U.S. Department of Labor witness Charlene Giles on the employment of foreign nationals, the obligation to pay such employees the prevailing wage, and that an employer cannot deduct or offset wages by providing room and board.

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.[7]

During this trial you may have heard evidence of a statement a testifying witness made at an earlier time which allegedly is inconsistent with that witness's testimony her in court.

Any witness who testifies may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness

---

[7]**Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 1.17 (modified).

gave at this trial.

These earlier statements were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.[8]

Title 18, United States Code Section 371, make it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States.

Count One of the indictment charges each defendant with Conspiracy to commit Forced Labor. A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced as to the defendant under consideration that the government has proved each of the following beyond a reasonable doubt.

> *First:* That between in or about mid 1997 and continuing through in or about February 2006, such defendant and at least one other person made an agreement to commit the crime of forced labor as described in 18 U.S.C. §1589 and as charged in the indictment;

---

[8] Fifth Circuit Pattern Jury Instructions—Criminal, No. 1.10 (modified to include language requested by the defendants).

*Second*:    That such defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with intent to further the unlawful purpose; and,

*Third*:    That one of the conspirators during the existence of the conspiracy and at some time after October 28, 2000, the effective date of the forced labor statute, knowingly committed at least one of the overt acts described in the indictment in order to accomplish some object or purpose of the conspiracy.

In considering these elements, you are to use the definitions of the forced labor crime that I will provide to you in a moment.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If such defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though such defendant had not participated before and even though such defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

**Charge of the Court - Page 7**

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.[9]

A conspirator is responsible for offenses committed by another conspirator if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

Therefore, if you have first found the defendant under consideration guilty of the conspiracy charged in Count One and if you find beyond a reasonable doubt that during the time such defendant was a member of that conspiracy, another conspirator committed the offense in Count Two in furtherance of or as a foreseeable consequence of that conspiracy, then you may find such defendant guilty of Count Two, even though such defendant may not have participated in any of the acts which constitute the offenses described in Count Two.[10]

Count Two of the indictment charges each defendant with obtaining the labor and services of Cecilia Nwokonkwo through prohibited means, in violation of the Forced Labor statute, 18 U.S.C. § 1589.

For you to find the defendant under consideration guilty of this crime, you must be

---

[9]**Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 2.20 (modified to include the following: "In considering these elements, you are to use the definitions of the forced labor crime that I will provide to you in a moment.").

[10]**Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 2.22.

convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*        That such defendant attempted to or provided or obtained the labor or services of Cecilia Nwokonkwo for some period of time after October 28, 2000;

*Second:*     That such defendant attempted to or provided or obtained the labor or services of Cecilia Nwokonkwo through a scheme, plan or pattern intended to cause Cecilia Nwokonkwo to believe that non-performance would result in serious harm to Cecilia Nwokonkwo or any other person; and

*Third:*       That such defendant acted knowingly.[11]

In considering the first element, you must decide whether the defendant under consideration attempted to, or provided or obtained the services of Cecilia Nwokonkwo. I instruct you that, in considering this element, the words "provide" and "obtain" are to be given their ordinary meanings.[12]

I instruct you that "provide" means to supply something or make something available. "Obtain" means to gain, acquire, or attain.[13]

---

[11] **Authority:** 18 U.S.C. § 1589(a)(1) and (2) (2004) (added by Public Law 106-386) (amended by Public Law 110-457, effective December 23, 2008, recodified at 18 U.S.C.§ 1589(a)(2) and (4)).

Jury Instructions at 33, United States v. Calimlim, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188).

[12] **Authority:** Jury Instructions at 35, United States v. Calimlim, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188).

[13] **Authority:** Jury Instructions at 35, United States v. Calimlim, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188) (modified per Judge McBryde's instructions).

In order to find that the second element has been satisfied, you must find beyond a reasonable doubt that a scheme, plan or pattern intended to cause Cecilia Nwokonkwo to believe that non-performance would result in serious harm was used to obtain the labor and/or services of Cecilia Nwokonkwo.[14] In a moment I will define for you some of the terms you are to consider in determining whether this second element has been established.

With regard to the third element of the offense of forced labor, the government must prove beyond a reasonable doubt that the defendant acted "knowingly." A person acts knowingly if he or she acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether the defendant under consideration acted knowingly may be proven by what such defendant said and did and by all of the facts and circumstances surrounding the case, since direct proof is rarely available to establish the state of one's mind.[15]

The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid

---

Smith v. United States, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning.").

Webster's Ninth New Collegiate Dictionary (9th ed. 1983).

[14]**Authority:** 18 U.S.C. § 1589(a)(1) and (2) (2004) (added by Public Law 106-386) (amended by Public Law 110-457, effective December 23, 2008, recodified at 18 U.S.C.§ 1589(a)(2) and (4)).

Jury Instructions at 36, United States v. Calimlim, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188).

[15]**Authority:** Jury Instructions at 37, United States v. Calimlim, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188).

incurring that harm.[16]

The words "scheme," "plan," and "pattern" are to be given their ordinary meanings. A "scheme, plan, or pattern intended to cause a person to believe that nonperformance of labor or services will result in serious harm" need not involve actual threats of serious harm, but may involve any other means—including deception or psychological coercion—used to cause the worker to reasonably believe that she, her family, or any other person would suffer serious harm if she refused to continue providing labor or services.[17]

If you find beyond a reasonable doubt that the prohibited means I mentioned earlier was used, you must then determine whether such use was sufficient to cause Cecilia Nwokonkwo reasonably to believe that she had no choice but to work or to remain working for the defendants to avoid serious harm to herself or another person. In making that determination, you may consider the cumulative effect of the conduct of the defendant or defendants on Cecilia Nwokonkwo. You may also consider Cecilia Nwokonkwo's background, physical and mental condition, experience, education, socioeconomic status, age, and any inequalities between her and the defendants with respect to these considerations, including their relative stations in life, among other things.[18]

---

[16] 18 U.S.C. § 1589(c)(2).

[17] **Authority:** Jury Instructions at 38, <u>United States v. Calimlim</u>, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188).

Jury Instruction No. 18, <u>United States v. Farrell</u>, No. 07-CR-30019 (D.S.D. Nov. 2007) (Docket #118).

H.R. Rep. No. 106-939, at 101 (2000) (Conf. Rep.), available at 2000 WL 1479163.

[18] **Authority:**

To prove forced labor, the government does not need to link each of the actions allegedly taken against Cecilia Nwokonkwo to particular labor tasks performed by her. If Cecilia Nwokonkwo was threatened with or suffered certain consequences in connection with services she purportedly rendered, either as punishment or as part of a climate of fear that overcame her will and compelled her service, that is sufficient to establish the second element of forced labor.[19]

---

Jury Instructions at 38-39, United States v. Calimlim, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188).

Jury Instruction No. 18, United States v. Farrell, No. 07-CR-30019 (D.S.D. Nov. 2007) (Docket #118).

United States v. Kozminski, 487 U.S. 931, 952, 108 S. Ct. 2751, 2765, 101 L. Ed. 2d 788 (1988) ("Our holding does not imply that evidence of other means of coercion, or of poor working conditions, or of the victim's special vulnerabilities is irrelevant in a prosecution under these statutes. As we have indicated, the vulnerabilities of the victim are relevant in determining whether the physical or legal coercion or threats thereof could plausibly have compelled the victim to serve.").

United States v. Djoumessi, 538 F.3d 547, 552-53 (6th Cir. 2008) (construing 18 U.S.C. § 1584) (discussing the victim's "special vulnerabilities," including her age, status as an illegal alien, and lack of contact with anyone other that the defendant).

Bradley, 390 F. 3d at 152, 153 (upholding jury instruction in Section 1589 prosecution that the "special vulnerabilities" of the victim may be considered in determining if a victim felt compelled to work as "...not all persons are of the same courage or firmness..." and factors which may be considered are: victim's background, physical and mental condition, experience, education, socioeconomic status, and inequalities between victim and defendant including their relative stations in life.)

United States v. Veerapol, 312 F.3d 1128, 1132-34 (9th Cir. 2002).

United States v. Alzanki, 54 F.3d 994, 1002 (1st Cir. 1995).

[19]**Authority:** Jury Instructions at 39-40, United States v. Calimlim, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188).

*Climate of Fear*

**Charge of the Court - Page 12**

You may consider not only overt threats that the defendant under consideration might

have made to place Cecilia Nwokonkwo in fear of suffering certain consequences; you may also

consider other surrounding circumstances, such as an atmosphere of violence, sexual abuse,

---

22 U.S.C. § 7101(b)(5) (TVPA's legislative findings discussing conduct that isolates victims "from family and friends, religious institutions, and other sources of protection and support, leaving the victims defenseless and vulnerable").

H.R. Rep. No. 106-939, at 101-101 (2000) (Conf. Rep.), available at 2000 WL 1479163 (TVPA legislative history discussing schemes to place victims in fear of "harms such as banishment, starvation, or bankruptcy" as examples of means by which traffickers unlawfully intimidate victims).

Kozminski, 487 U.S. at 956-57 (Brennan, J., concurring in judgment) (discussing range of coercive tactics that contributed to climate of fear in various involuntary servitude cases, including "disorienting the victims with frequent verbal abuse ... denying medical care and subjecting the victims to substandard food, clothing, and living conditions" requiring victims to work long hours with no days off, "leaving them tired and without free time to seek alternative work" "isolation from friends, family, transportation or other sources of food, shelter, clothing, or jobs; denying pay or creating debt that is greater than the worker's income; ... and controlling every detail of their lives").

United States v. Farrell, 563 F.3d 364, 378 (8th Cir. 2009) (holding that the trial testimony regarding the defendants' treatment of workers established that a "climate of fear" existed).

Alzanki, 54 F.3d at 999 (1st Cir. 1995) (noting, in describing the facts, that "[t]he climate of fear was enhanced by [the victim's] witnessing one incident involving [her employer's] physical abuse of [his wife], and by learning from [the wife] that [the employer] struck [her] again shortly thereafter.").

United States v. King, 840 F.2d 1276, 1281 (6th Cir. 1988) (force, threats, and other coercion created "pervasive climate of fear").

United States v. Warren, 772 F.2d 827, 833-34 (11th Cir. 1985) (finding "grotesque" the "use, or threatened use, of physical force to create a climate of fear").

United States v. Harris, 701 F.2d 1095, 1100 (4th Cir. 1983) (evidence that the defendant beat people other than victim was relevant because it contributed to a "reign of physical terror").

United States v. Booker, 655 F.2d 562, 566-67 (4th Cir. 1981) (assaults and threats created "climate of fear").

**Charge of the Court - Page 13**

verbal abuse and insults, isolation, poor working and living conditions, denial of adequate food,

water, rest, and medical care, withholding of pay, or any combination of these conditions, and

any other techniques that such defendant might have used to intimidate Cecilia Nwokonkwo and

compel her to serve.[20]

The fact that Cecilia Nwokonkwo may have had an opportunity to escape is not

determinative of whether the forced labor statute has been violated if either or both of the

defendants placed Cecilia Nwokonkwo in such fear or circumstances that she did not reasonably

believe she could leave.[21]

---

[20]**Authority:** Jury Instructions at 40, United States v. Calimlim, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188).

Jury Instruction No. 18, United States v. Farrell, No. 07-CR-30019 (D.S.D. Nov. 2007) (Docket #118).

### Sexual Abuse As a Means of Coercion

United States v. Udeozor, 515 F.3d 260, 265 (4th Cir. 2008) (affirming the involuntary servitude conviction of a Nigerian woman whose co-defendant-husband sexually abused the victim, holding that "Mr. Udeozor's sexual abuse of the victim was one of the forms of force used to keep the minor victim in the condition of involuntary servitude," and where "it was part and parcel of a conspiracy—involving nearly four years of physical, psychological, and sexual abuse—to exercise complete control over the young girl in the Udeozor's household").

[21] **Authority:**

Jury Instructions at 40, United States v. Calimlim, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188).

Jury Instruction No. 18, United States v. Farrell, No. 07-CR-30019 (D.S.D. Nov. 2007) (Docket #118).

### Opportunity to Escape Not Determinative

Djoumessi, 538 F.3d at 552-53 (construing 18 U.S.C. § 1584).

Finally, in considering whether service performed by Cecilia Nwokonkwo was coerced, you are instructed that whether Cecilia Nwokonkwo may have initially agreed, voluntarily, to render the service or perform the work is not determinative of whether the forced labor statute has been violated.[22] Also, whether a person is paid a salary or a wage is not determinative of the

---

Bradley, 390 F.3d at 153-54.

Alzanki, 54 F.3d at 1000.

Warren, 772 F.2d at 834 ("That the worker had the opportunity to escape is of no moment, if the defendant has placed him in such fear of physical harm that he is afraid to leave.").

Booker, 655 F.2d at 567 (holding that trial court "should not have charged the jury that it would have to find that the defendants' use of force effectively denied the possibility of escape to the victims. The availability of escape ... or even a situation where the discipline of terror is not constantly enforced, does not preclude a finding that persons are held as slaves.").

[22]**Authority:** Jury Instructions at 40, United States v. Calimlim, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188) (modified as requested by defense counsel).

Jury Instruction No. 18, United States v. Farrell, No. 07-CR-30019 (D.S.D. Nov. 2007) (Docket #118).

### *Initial Agreement*

ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), No. 59 (2003 Edition) ("In considering whether service or labor was performed by someone involuntarily, it makes no difference that the person may have initially agreed, voluntarily, to render the service or perform the work. If a person willingly begins work, but later desires to withdraw and is then forced to remain and perform work against that person's will by the use or threatened use of coercion, that person's service becomes involuntary.").

Bradley, 390 F3d. at 154.

United States v. Mussry, 726 F.2d 1448, 1454 n. 6 (9th Cir. 1984) ("Even though a person may come to a job voluntarily, subsequent coerced service constitutes involuntary servitude."), overruled on other grounds, United States v. Kozminski, 487 U.S. 931, 108 (1988).

United States v. Bibbs, 564 F.2d 1165 (5th Cir. 1977) (affirming conviction where victims initially agreed to work for defendants).

**Charge of the Court - Page 15**

question of whether that person has been held in forced labor.[23]

The guilt of the defendant under consideration in a criminal case may be established without proof that such defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself or herself may also be accomplished by him or her through the direction of another person as his or her agent, or by

---

[23] **Authority:** Jury Instructions at 41, United States v. Calimlim, No. 2:04-CR-248 (E.D. Wis. May 25, 2006) (Docket #188).

Jury Instruction No. 18, United States v. Farrell, No. 07-CR-30019 (D.S.D. Nov. 2007) (Docket #118).

*Payment*

Bradley, 390 F. 3d at 154.

Jobson v. Henne, 355 F.2d 129, 132 n.3 (2d Cir. 1966) (holding that, under the Thirteenth Amendment, "the mere payment of a compensation, unless the receipt of the compensation induces consent to the performance of the work, cannot serve to justify forced labor").

Channer v. Hall, 112 F.3d 214, 218 n.7 (5th Cir. 1997) (citing Heflin and holding, in context of Thirteenth Amendment involuntary servitude claim, that "[victim's] services were not necessarily voluntary merely because he was paid for his labors").

Alzanki, 54 F.3d at 999 (noting that victims received some pay).

Heflin v. Sanford, 142 F.2d 798, 799 (5th Cir. 1944) ("Whether [the victim] was to be paid much, or little or nothing, is not the question. It is not uncompensated service, but involuntary servitude which is prohibited by the Thirteenth Amendment. Compensation for service may cause consent, but unless it does it is no justification for forced labor.").

King, 840 F.2d at 1283 (victim cannot contractually consent to violation of his rights).

ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), No. 59 (2003 Edition) ("Also, whether a person is paid a salary or a wage is not determinative of the question of whether that person has been held in involuntary servitude. In other words, if a person is forced to labor against that person's will by the use or threatened use of coercion, such service is involuntary even though the person is paid for the work.").

**Charge of the Court - Page 16**

acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant under consideration joins another person and performs acts with the intent to commit a crime, then the law holds such defendant responsible for the acts and conduct of such other persons just as though such defendant had committed the acts or engaged in such conduct.

Before any such defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself or herself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that the defendant under consideration either directed or aided and abetted the crime unless you find beyond a reasonable doubt that such defendant was a participant and not merely a knowing spectator.[24]

In Count Three of the indictment, each defendant is charged with a violation of Title 8, United States Code, Section 1324. This provision makes it a crime for anyone to conceal or harbor an alien, knowing or in reckless disregard of the fact that the alien has entered or remained in the United States in violation of law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*        That Cecilia Nwokonkwo was an alien during the time period set forth in the Indictment;

---

[24]**Authority:**  Fifth Circuit Pattern Jury Instructions—Criminal, No. 2.06.

| | |
|---|---|
| *Second:* | That Cecilia Nwokonkwo entered or remained in the United States in violation of law; |
| *Third:* | That the defendant under consideration concealed, harbored, or shielded from detection Cecilia Nwokonkwo within the United States; |
| *Fourth:* | That such defendant either knew or acted in reckless disregard of the fact that Cecilia Nwokonkwo entered or remained in the United States in violation of law; |
| *Fifth:* | That such defendant's conduct tended to substantially facilitate Cecilia Nwokonkwo remaining in the United States illegally; and |
| *Sixth:* | That such defendant did so for private financial gain. |

A person acts with "reckless disregard" when he is aware of, but consciously disregards, facts and circumstances indicating that the person concealed or harbored was an alien who had entered or remained in the United States in violation of law.

An alien is unlawfully in the United States if she was not issued a valid U.S. visa, if she entered the United States using a name other than her own name, or if she was not properly admitted to the United States.

An alien is any person who is not a natural-born or naturalized citizen, or a national of the United States. The term "national of the United States" includes not only a citizen, but also a person who, though not a citizen of the United States, owes permanent allegiance to the United States.[25]

---

[25]**Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 2.04 (modified to: (1) reflect in element two the "shields from detection language in Section 1324(a)(1)(A)(iii) (rather than "sheltered" language in the Fifth Circuit Pattern Instruction); (2) include "financial

In Count Four of the indictment, the defendant is charged with conspiracy to harbor an alien for financial gain, in violation of Title 8, United States Code, Section 1324. As I told you before, a "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. For you to find the defendant under consideration guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant under consideration and at least one other person directly or indirectly reached an agreement to conceal, harbor, or shield from detection an illegal alien for private financial gain;

*Second:* That such defendant knew of the unlawful purpose of the agreement; and

*Third:* That such defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

For purposes of Count Four of the indictment, you are reminded of the definitions applicable to conspiracies that we discussed earlier. Count Four, however, differs from Count One insofar as it does not require the government to prove that any of the defendants or co-

gain" element as element five; (3) remove inapplicable "commercial advantage" language from element five; and (4) to note when an alien is unlawfully in the United States).

8 U.S.C. § 1181 (alien shall not be admitted unless in possession of a valid visa).

8 U.S.C. § 1182(a)(6)(A)(i) (alien present in the United States without being admitted is inadmissible).

8 U.S.C. § 1182(a)(6)(C)(i) (alien whose visa was procured by fraud is inadmissible).

8 U.S.C. § 1182(a)(7) (alien who is not in possession of a visa is inadmissible).

conspirators took an overt act in furtherance of the conspiracy.[26]

In Count Five of the indictment, each defendant is charged with a violation of Title 18, United States Code, Section 1592. This provision makes it a crime to confiscate or possess passports or immigration documents of another person in the course of violating the forced labor statute. For you to find the defendant under consideration guilty of this crime as alleged in Count Five of the indictment, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

> First:      That the defendant under consideration, after October 28, 2000 (the
>             effective date of the statute), concealed, removed, confiscated, or
>             possessed the actual or purported passport and immigration documents of
>             another person;
>
> Second:   That such act was committed in the course of violating, or with the intent
>             to violate, the Forced Labor statute;
>
> Third:     That such defendant acted knowingly.[27]

In considering this Count, you should use the definition of "forced labor" that I previously provided to you.

---

[26] **Authority:** 8 U.S.C. § 1324(a)(1)(A)(v)(I).

Fifth Circuit Pattern Jury Instructions—Criminal, No. 2.20 (modified).

[27] **Authority:**  Farrell, 563 F.3d at 376 (8th Cir. 2009).

Jury Instruction No. 22, United States v. Farrell, No. 07-CR-30019 (D.S.D. Nov. 2007) (Docket #118).

In Counts Six and Seven of the indictment, each defendants is charged with a separate violation of Title 18, United States Code, Section 1001. This provision makes it a crime for anyone to knowingly and willfully make a false or fraudulent statement in any matter within the jurisdiction of the executive branch of the Government of the United States. For you to find the defendant under consideration guilty of this crime as charged in the indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant under consideration made a false statement to the Federal Bureau of Investigation ("FBI") regarding a matter within its jurisdiction;

*Second*: That such defendant made the statement intentionally, knowing that it was false;

*Third*: That the statement was material; and

*Fourth*: That such defendant made the false statement for the purpose of misleading the FBI.

A statement is material if it has a natural tendency to influence, or is capable of influencing, a decision of the FBI.

It is not necessary to show that the FBI was in fact misled.[28]

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any one or more of the crimes charged

---

[28]**Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 2.49.

should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.[29]

You will note that the indictment charges that the offenses were committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.[30]

You are here to decide whether the government has proved beyond a reasonable doubt that a defendant is guilty of the crime charged. The defendants are not on trial for any act, conduct, or offense not alleged in the Indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.[31]

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.[32]

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach

---

[29]**Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 1.23.

[30]**Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 1.18.

[31] **Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 1.19.

[32] **Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 1.20.

agreement if you can do so. You must individually decide the case for yourselves, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt. When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, whether male or female, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for in each count of the Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the Indictment, until after you have reached a unanimous verdict.[33]


DATE:_____          _____
                                JOHN MCBRYDE
                                UNITED STATES DISTRICT JUDGE

---

[33] **Authority:** Fifth Circuit Pattern Jury Instructions—Criminal, No. 1.24.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | No. 4:09-CR-172-A |
| | § | |
| NGOZI NNAJI (1) | § | |
| EMMANUEL NNAJI (2) | § | |

## VERDICT OF THE JURY

### Count One:  Conspiracy to Commit Forced Labor

We, the jury, find the defendant **Ngozi Nnaji** _____ of the offense charged in

Count One of the Indictment, for the conspiracy to violate 18 U.S.C. § 1589.

We, the jury, find the defendant **Emmanuel Nnaji** _____ of the offense charged in

Count One of the Indictment, for the conspiracy to violate 18 U.S.C. § 1589.

### Count Two:  Forced Labor[34]

We, the jury, find the defendant **Ngozi Nnaji** _____ of the offense charged in

Count Two of the Indictment, forced labor or attempted forced labor, in violation of 18 U.S.C. §

1589.

We, the jury, find the defendant **Emmanuel Nnaji** _____ of the offense charged in

Count Two of the Indictment, forced labor or attempted forced labor, in violation of 18 U.S.C. §

1589.

---

[34] The government initially proposed that the forced labor offense be considered first on the verdict form and that attempted forced labor be considered only if the jury determined that the defendants were not guilty of the completed offense.  The defendants, however, have requested that the verdict form be constructed as set forth above on this page and the government has no objection to this.

## Count Three:  Harboring an Alien for Financial Gain

We, the jury, find the defendant **Ngozi Nnaji** _____ of the offense charged in

Count Three of the Indictment, for harboring an alien for financial gain, in violation of 8 U.S.C.

§ 1324.

We, the jury, find the defendant **Emmanuel Nnaji** _____ of the offense charged in

Count Three of the Indictment, for harboring an alien for financial gain, in violation of 8 U.S.C.

§ 1324.

## Count Four:  Conspiracy to Harbor an Alien for Financial Gain

We, the jury, find the defendant **Ngozi Nnaji** _____ of the offense charged in

Count Four of the Indictment, for conspiracy to harbor an alien for financial gain, in violation of

8 U.S.C. § 1324.

We, the jury, find the defendant **Emmanuel Nnaji** _____ of the offense charged in

Count Four of the Indictment, for conspiracy to harbor an alien for financial gain, in violation of

8 U.S.C. § 1324.

## Count Five:  Document Servitude

We, the jury, find the defendant **Ngozi Nnaji** _____ of the offense charged in

Count Five of the Indictment, for document servitude, in violation of 18 U.S.C. § 1592.

We, the jury, find the defendant **Emmanuel Nnaji** _____ of the offense charged in

Count Five of the Indictment, for document servitude, in violation of 18 U.S.C. § 1592.

## Count Six:  False Statements to a Federal Agent

We, the jury, find the defendant **Ngozi Nnaji** _____ of the offense charged in

Count Six of the Indictment, for false statements to a federal agent, in violation of 18 U.S.C.

§ 1001.

## Count Seven:  False Statements to a Federal Agent

We, the jury, find the defendant **Emmanuel Nnaji** _____ of the offense charged in

Count Seven of the Indictment, for false statements to a federal agent, in violation of 18 U.S.C.

§ 1001.


DATE:_____          _____
                              Foreperson

Accepted:

DATE:_____          _____
                              JOHN MCBRYDE
                              UNITED STATES DISTRICT JUDGE