# United States District Court
### Northern District of Texas
### Fort Worth Division

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 8 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | Case Number: 4:09-CR-172-A(02) |
| EMMANUEL NNAJI | § | |

## JUDGMENT IN A CRIMINAL CASE

The government was represented by U.S. Department of Justice, Civil Rights Attorneys Susan L. French and Michael J. Frank. The defendant, EMMANUEL NNAJI, was represented by Marlo Cadeddu.

The defendant was found guilty on counts 1, 2, 3, 4, 5, and 7 of the indictment by a jury verdict on February 2, 2010 after a plea of not guilty and not true to the forfeiture allegation. Accordingly, the court ORDERS that the defendant be, and are hereby, adjudged guilty of such counts involving the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 371 | FORCED LABOR CONSPIRACY | February 2006 | 1 |
| 18 U.S.C. §§ 1589, 1594 & 2 | FORCED LABOR AND ATTEMPTED FORCE LABOR AND AIDING AND ABETTING | February 2006 | 2 |
| 8 U.S.C. § 1324(a)(1)(A)(iii) & (a)(1)(B)(i) | HARBORING DOMESTIC WORKER FOR FINANCIAL GAIN | February 2006 | 3 |
| 8 U.S.C. § 1324(a)(1)(A)(v)(I) & (a)(1)(B)(i) | CONSPIRACY TO HARBOR FOR FINANCIAL GAIN | February 2006 | 4 |
| 18 U.S.C. §§ 1589, 1592, & 2 | DOCUMENT SERVITUDE AND AIDING AND ABETTING | February 2006 | 5 |
| 18 U.S.C. § 1001(a)(2) | FALSE STATEMENTS TO FEDERAL AGENTS | December 4, 2006 | 7 |
| 21 U.S.C. § 982(a)(6) | FORFEITURE | | |

On motion of the United States, the court ORDERS as to this defendant that the forfeiture allegation be, and is hereby, dismissed.

As pronounced and imposed on June 4, 2010, the defendant is sentenced as provided in this judgment.

The court ORDERS that the defendant immediately pay to the United States, through the Clerk of this Court, a special assessment of $600.00.

The court further ORDERS that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence address, or mailing address, as set forth below, until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court, through the clerk of this court, and the Attorney General, through the United States Attorney for this district, of any material change in the defendant's economic circumstances.

## IMPRISONMENT

The court further ORDERS that the defendant be, and is hereby, committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 months each as to counts 1, 5, and 7 of the indictment and 120 months each as to counts 3, 4 of the indictment and 240 months as to count 2 of the indictment, all to run concurrently to each other. The aggregate term of imprisonment is 240 months.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

The court further ORDERS that, upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years each as to counts 1, 2, 3, 4, 5, and 7 of the indictment. All terms of supervised release shall run concurrently and that while on supervised release, the defendant shall comply with the following conditions:

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not possess illegal controlled substances.

3. The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Officer, as authorized by the Justice for All Act of 2004.

4. If, upon commencement of the term of supervised release, any part of the $305,957.60 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid amount at the rate of at least $200 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution amount is paid in full. Any unpaid balance of the restitution ordered by this judgment shall be paid in full 60 days prior to the termination of the term of supervised release.

5. The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant has fully satisfied the restitution obligation.

6. The defendant shall also comply with the Standard Conditions of Supervision as hereinafter set forth.

## Standard Conditions of Supervision

1. The defendant shall report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

3. The defendant shall provide to the U.S. Probation Officer any requested financial information.

4. The defendant shall not leave the judicial district without the permission of the Court or U.S. Probation Officer.

5. The defendant shall report to the U.S. Probation Officer as directed by the court or U.S. Probation Officer and shall submit a truthful and complete written report within the first five (5) days of each month.

6. The defendant shall answer truthfully all inquiries by the U.S. Probation Officer and follow the instructions of the U.S. Probation Officer.

7. The defendant shall support his or her dependents and meet other family responsibilities.

8. The defendant shall work regularly at a lawful occupation unless excused by the U.S. Probation Officer for schooling, training, or other acceptable reasons.

9. The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment.

10. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

11. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the U.S. Probation Officer.

13. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the U.S. Probation Officer.

14. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

15. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

The court hereby directs the probation officer to provide defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject, as contemplated and required by 18 U.S.C. § 3583(f).

## FINE

The court did not order a fine because the defendant does not have the financial resource or future earning capacity to pay a fine.

## RESTITUTION

The court further ORDERS the defendant shall make full restitution, jointly and severally with codefendant Ngozi Nnaji, in the amount of $305,957.60. Restitution is payable immediately, but non-payment will not be a violation of defendant's conditions of supervised release so long as defendant pays as provided in defendant's conditions of supervised release. All restitution payments shall be made by defendant to the Clerk of the United States District Court, 501 West 10th Street, Room 310, Fort Worth, Texas 76102, for disbursement to the victim whose name and loss for which restitution is to be made is listed below:

Cecilia Nwoknokwo
605 Masterson Pass, No. 1027
Austin, Texas 78753

## STATEMENT OF REASONS

The "Statement of Reasons" and personal information about the defendant are set forth on the attachment to this judgment.

Signed this the __8__ day of June, 2010.

/s/ John McBryde
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

RETURN

I have executed the imprisonment part of this Judgment as follows:

_____
_____

Defendant delivered on_____, 200__ to_____
at_____, with a certified copy of this Judgment.

                                        Randy Ely
                                        United States Marshal for the
                                        Northern District of Texas


                                        By _____
                                                Deputy United States Marshal